FRANK H. LOGAN, *Appellant,* v. PAULINE P. ARNOLD IN HER OWN RIGHT, AND AS EXECUTRIX OF THE ESTATE OF THOMAS IVERSON ARNOLD, DECEASED, *Appellee.*

Opinion Filed February 14, 1922.

It is not error to eliminate portions of an answer that apparently have no proper bearing on the equities asserted in the bill of complaint, particularly where the matters eliminated, if shown to be admissible, may be adduced under other averments of the answer.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Affirmed.

*H. M. Hampton,* for Appellant;

*R. A. Burford* and *J. J. Lunsford,* for Appellee.

PER CURIAM.—In affirming an order overruling a demurrer to a bill of complaint herein the court said: "A bill in chancery for the recission of the sale of shares of stock in a corporation, which alleges that the complainant, a widow, inherited the stock from her husband, who at the time of his death, was the president and chief executive officer of the corporation, holding a majority of the stock; that within 10 days after her husband's death the vice-president of the corporation, who held the remaining shares of stock, save one share, and who for years had been associated with complainant's husband in the management of the corporation's affairs, and knew the extent of his business and the value of all its assets, began negotiations with the complainant for the purchase of her stock, and represented the same to be less valuable than it was, and the business and assets of the corporation to be less in volume and value than they were; that the complainant knew nothing of the value of her stock, or the value of the corporation's assets, but relied upon the representation of the vice-president, who pretended to be solicitous of her welfare because of the obligations he owed to her deceased husband and the friendship he had for him, and by such representations induced her to rely upon his integrity and honesty of purpose, fidelity, character, and good faith, and sold to him her stock at much less than its value in ignorance of its real value, states grounds for the equitable relief of recission of the sale of stock by the complainant. Logan v. Arnold, 82 Fla. 237, 89 South. Rep. 551.

A subsequent appeal was taken from an order sustaining exceptions to and granting a motion to strike portions of the answer filed in the cause. As the portions of the answer that were eliminated by the orders are predicated upon an alleged contemplated transaction between the

defendant and the deceased husband of the complainant, which matter, even if admissible in evidence under the statute, apparently has no proper bearing on the equities asserted and if admissible may be adduced under other averments of the answer. There is no error in the orders appealed from.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.